T.C. Memo. 2003-78


UNITED STATES TAX COURT



LARRY ALLEN COATS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2283-01.              Filed March 18, 2003.



        For P's 1998 taxable year, R disallowed P's
claimed earned income credit, filing status as head of
the household, and dependency exemptions for two
children.

        <u>Held</u>:  P is entitled to an earned income credit
for an individual with one qualifying child.



Larry Allen Coats, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge:  Respondent determined a Federal income tax deficiency for petitioner's 1998 taxable year.  A copy of the statutory notice of deficiency is not in the record.  In his petition, petitioner alleges that respondent determined a deficiency in the amount of $1,350.  In his answer, respondent admits this allegation.  Respondent disallowed an earned income credit that was claimed by petitioner on his 1998 return.  Respondent also disallowed petitioner's claimed filing status of head of the household and claimed dependency exemptions for two children.  At trial, respondent conceded that petitioner is entitled to a dependency exemption for one child, and an earned income credit for an individual with no qualifying children.  On brief, respondent conceded that the resolution of petitioner's proper filing status has no income tax consequences and, therefore, is moot.  After concessions, the issue remaining for decision is whether petitioner is entitled to an earned income credit for an individual with qualifying children.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

At the time the petition was filed in this case, petitioner resided in Chicago, Illinois.

Petitioner timely filed his Federal income tax return for 1998. On his return, petitioner reported gross income of $3,364 and claimed an earned income credit for an individual with two qualifying children.

On Schedule EIC, Earned Income Credit (Qualifying Child Information), attached to his 1998 return, petitioner listed Laura Coats and Shawona Higgins as qualifying children. The mother of both Laura Coats and Shawona Higgins is Jeanette Bates. Petitioner has never been married to Jeanette Bates. Petitioner is the biological father of Laura Coats. Petitioner is not the biological father of Shawona Higgins. Petitioner never adopted Shawona Higgins. Laura Coats and Shawona Higgins were both under the age of 19 on December 31, 1998. Throughout 1998, petitioner resided at 2603 West Potomac, Chicago, Illinois (petitioner's West Potomac residence). Throughout 1998, Laura Coats and Shawona Higgins attended Wentworth Elementary School. Wentworth Elementary School is located approximately 13 miles from petitioner's West Potomac residence. School records reflect that Laura Coats and Shawona Higgins lived at 6915 South Green (the

South Green residence) during 1998.  The South Green residence was the residence of Jeanette Bates.  Wentworth Elementary School is located less than half a mile from the South Green residence.

OPINION

Section 32(a) provides that an "eligible individual" may be allowed an earned income credit equal to the credit percentage as provided in section 32(b).  The term "eligible individual" includes a taxpayer who has a qualifying child for the taxable year.  Sec. 32(c)(1)(A)(i).  A "qualifying child" includes a child who satisfies the relationship test, has the same principal place of abode as the taxpayer for more than one-half of the taxable year (residency requirement), and has not attained the age of 19 as of the close of the calendar year (age requirement).  Sec. 32(c)(3).

As relevant here, the relationship test is satisfied if the child is a daughter of the taxpayer or an "eligible foster child" of the taxpayer.  Sec. 32(c)(3)(B).  An "eligible foster child" is an individual who the taxpayer cares for as the taxpayer's own child and who has the same principal place of abode as the taxpayer for the entire taxable year.  Sec. 32(c)(3)(B)(iii).

Respondent argues that petitioner had no qualifying children in 1998.  Petitioner argues that Laura Coats and Shawona Higgins were his qualifying children in 1998.  Respondent concedes that

both Laura Coats and Shawona Higgins satisfied the age requirement. Respondent concedes that Laura Coats satisfied the relationship test.

Respondent argues that Laura Coats did not satisfy the residency requirement. Respondent contends that school records reflect that Laura Coats lived at the South Green residence, not petitioner's West Potomac residence, during 1998. Respondent also contends that the distance between Wentworth Elementary School and the South Green residence as compared to the distance between Wentworth Elementary School and petitioner's West Potomac residence reflects that Laura Coats lived at the South Green residence.

Petitioner argues that Laura Coats satisfied the residency requirement in 1998. Petitioner testified that Laura Coats lived at petitioner's West Potomac residence for more than 9 months in 1998. Petitioner testified that 1998 was a volatile year in the neighborhood surrounding the South Green residence. Petitioner testified that as a result of that volatility, and out of concern for the well-being of the children, Laura Coats and Shawona Higgins lived with petitioner. He further testified that "it wouldn't have been just to take them out of school. We thought it was best just to commute back and forth for their sake."

We find petitioner's testimony credible. We find convincing petitioner's explanation for the discrepancy between

the school records and his testimony regarding where Laura Coats lived during 1998. Under these circumstances, we afford more weight to his testimony than to the school records. Consequently, we find that Laura Coats had the same place of abode as petitioner for at least 9 months during 1998. As a result of this finding, we conclude that Laura Coats satisfied the residency requirement. Since respondent conceded that Laura Coats also satisfied the age requirement and the relationship test, Laura Coats was a qualifying child of petitioner for purposes of an earned income credit for 1998.

Respondent argues that Shawona Higgins did not satisfy the residency requirement or the relationship test. Regarding the relationship test, petitioner admits that Shawona Higgins is not his biological or adopted child. Therefore, in order for Shawona Higgins to be a qualifying child, she must satisfy the test for an eligible foster child. Petitioner admits that Shawona Higgins did not live with him for the entire taxable year. Consequently, Shawona Higgins was not an eligible foster child of petitioner. Since Shawona Higgins did not satisfy the relationship test, she was not a qualifying child for purposes of an earned income credit for 1998.

To reflect the foregoing and respondent's concessions,

Decision will be entered

under Rule 155.